# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELENITA PEREZ-VEGA | : | CIVIL DOCKET |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of | : | |
| Social Security | : | NO. 22-3994 |

## O P I N I O N

SCOTT W. REID                                                             DATE:  May 24, 2023
UNITED STATES MAGISTRATE JUDGE

Elenita Perez-Vega brought this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying her claims for Disability Insurance Benefits ("DIB").  She has filed a Request for Review to which the Commissioner has responded.  As explained below, I conclude that the Request for Review should be granted in part and the matter remanded to the ALJ for consideration of the effect of her mild mental limitations on her ability to perform her past relevant work.

I.      *Factual and Procedural Background*

Perez-Vega was born on November 21, 1959.  Record at 80.  She obtained a college degree in Social Sciences and Criminology.  Record at 81.  Between 1988 and 2017 she was employed by the Commonwealth of Puerto Rico as a caseworker for various populations, and then as a substance-abuse counselor.  Record at 46.

On February 22, 2018, Perez-Vega filed her application for benefits, alleging disability since November 14, 2017, on the basis of a major depression, lymphedema, diabetes, epilepsy, back impairments, impingement of the left shoulder, elbow strain, and a skin condition.  Record at 7683, 36.

Perez-Vega's application for benefits was denied initially and upon reconsideration. Record at 459, 494. She then requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). Record at 518. A hearing took place in this matter on August 5, 2020, and a supplemental hearing was held on April 14, 2021, for additional questioning of the vocational expert.

On June 4, 2021, however, the ALJ issued a written decision denying benefits. Record at 35. The Appeals Council denied Perez-Vega's request for review on August 8, 2022, permitting the ALJ's decision to stand as the final decision of the Commissioner of Social Security. Record at 1. Perez-Vega then filed this action.

II.    *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401. A reviewing court must also ensure that the ALJ applied the proper legal standards. *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984); *Palmisano v. Saul*, Civ. A. No. 20-1628605, 2021 WL 162805 at *3 (E.D. Pa. Apr. 27, 2021).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. §423(d)(1). As explained in the following agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we

consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §404.1520(4) (references to other regulations omitted).

Before going from the third to the fourth step, the Commissioner will assess a claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence in the case record. *Id*. The RFC assessment reflects the most an individual can still do, despite any limitations. SSR 96-8p.

The final two steps of the sequential evaluation then follow:

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make the adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

*Id*.

III.  *The ALJ's Decision and Perez-Vega's Request for Review*

In her decision, the ALJ decided that Perez-Vega suffered from the severe impairments of degenerative disc disease, osteoarthritis of the left shoulder, and lymphedema of the right arm. Record at 38.

The ALJ acknowledged that Perez-Vega suffered from major depressive disorder and an adjustment disorder. Record at 39. After reviewing Perez-Vega's representations about her mental illness, however, and the contents of reports from her treating mental health practitioners and consulting mental health experts, the ALJ determined that her mental impairments caused no

3

more than minimal limitations in her ability to work.  Record at 39-40.  Specifically, she determined that Perez-Vega had mild impairments in the four relevant areas included in Paragraph B of all the mental health listings: understanding, remembering or applying information; interacting with others; concentration, persistence, and maintaining pace; and adapting or managing oneself.  Record at 40-41.  She concluded, therefore, that Perez-Vega's mental impairments were non-severe.  Record at 39, 41.

The ALJ found that none of Perez-Vega's impairments, and no combination of impairments, met or medically equaled the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix .  Record at 41.

The ALJ considered only Perez-Vega's physical limitations in assessing her RFC:

After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except can [*sic*] lift no more than five pounds at a time, and occasionally lifting or carrying articles like docket files, ledgers, and small tools; can push/pull no more than five pounds occasionally with the dominant right upper or extremity or frequently with the non-dominant left upper extremity; with the dominant right upper extremity can frequently reach, handle, or finger in all planes; with the non-dominant left upper extremity can occasionally reach overhead and frequently in other planes; cannot climb ladders, ropes, or scaffolds or crawl, but can occasionally engage in all other postural maneuvers; and must avoid concentrated exposure to extreme cold, wetness, vibration, or hazards such as unprotected heights or dangerous machinery.

Record at 42.

She added:

In making this finding I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence [.]  I also considered the medical opinion[s] and prior administrative medical finding (s) in accordance with the requirements of 20 CFR §404.1520c.

*Id*.

Relying upon the testimony of a vocational expert who appeared at the hearing, the ALJ concluded at stage four of the sequential evaluation process that Perez-Vega could return to her past relevant work as a substance abuse counselor and caseworker. Record at 46-7. She therefore concluded that Perez-Vega was not disabled. Record at 47.

In her Request for Review, Perez-Vega maintains that the ALJ erred in failing to include the mild limitations she found her to have in mental functioning in the RFC assessment or to explain why they were omitted. She also argues that the ALJ wrongly failed to consider the report of consulting medical examiner Pedro Gonzalez Vega, Psy.D.

IV.     *Discussion*

        A.     *The Absence of Mental Limitations from the RFC Assessment*

            1.     *Relevant Law*

It is not clear whether – or in what circumstances – an ALJ is required to discuss mild limitations caused by non-severe mental impairments in assessing a claimant's RFC. No Third Circuit case decides the issue.[1] The relevant statutory authority creates a somewhat confusing equipoise. By definition, a non-severe impairment causes no more than a minimal limitation in the claimant's ability to do basic work activities (20 CFR §404.1520a(d)(1)). Yet, the Social Security Act also provides that an ALJ must consider non-severe impairments along with severe impairments in assessing a claimant's RFC. 20 CFR §404.1545(a)(2).

---

[1] The Commissioner relies on *Holley v. Commissioner of Social Security*, 590 F. App'x 167 (3d Cir. 2014), which is clearly not a precedential case. 590 F. App'x at 168 ("This opinion does not have any precedential value"). In any event, *Holley* decided that a restriction to "unskilled" labor was sufficient to capture a claimant's moderate limitations in concentration. In this case, by contrast, the ALJ included no limitation in the RFC to address Perez-Vega's mental limitations. *Hess*, cited below for basic principles, and *Chandler v. Berryhill*, Civ. A. No. 16-4516, 2018 WL 3575258 (E.D. Pa. July 24, 2018), which is also cited by the Commissioner, are also inapposite in this respect since, in both cases, the ALJ included non-exertional limitations in the RFC. Similarly, in *Mari v. Berryhill*, Civ. A. No. 15-5093, 2017 WL 6209233 at **2-3 (E.D. Pa. Dec. 8, 2017), the ALJ limited the claimant to "no detailed instructions." Thus, the question in all of these cases was whether the ALJ's limitations were adequate. Here, there was no limitation at all.

Further, an ALJ is not required to use any specific language in incorporating the Paragraph B factors into the RFC analysis. *Hess v. Commissioner of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019) ("[N]o incantations are required at steps four and five simply because a particular finding has been made at steps two and three"). Nevertheless, it is error for an ALJ to simply ignore non-severe impairments after stage two of the sequential evaluation process. *Hess*, *supra*, quoting *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004): ("We cannot concur in the Commissioner's [position that the functional limitation findings are relevant only at steps two and three of the disability analysis])." (Brackets in original).

On the contrary, limitations caused by non-severe impairments should receive more consideration at the RFC stage than at stage two, since "[t]he mental FFC assessment used at steps 4 and 5 of the sequential evaluation process requires a *more detailed assessment* by itemizing various functions contained in the broad categories found in [the Paragraph B categories]." SSR 96-8P; *Hess*, *supra*. (Italics supplied).

District Court decisions are inconsistent. In *Younge v. Berryhill*, the judge did not find it crucial that the ALJ failed to reconsider a non-severe mental impairment at the RFC stage, writing: "The ALJ adequately discussed why plaintiff's mental impairment was not severe, and was therefore not required to discuss the mental impairment in the RFC evaluation." Civ. A. No. 16-5271, 2017 WL 2978758 at *13 (E.D. Pa. May 31, 2017), *Report and Recommendation Adopted* August 14, 2017. Other judges have reached similar conclusions. *See James B. v. Kijakazi*, Civ. A. No. 20-20572, 2023 WL 2136505 at *11 (D.N.J. Feb. 21, 2023), *and Tucker v. Saul*, Civ. A. No. 18-13522, 2020 WL 6255420 at *19 (D.N.J. Oct. 23, 2020) (collecting New Jersey cases).

However, there are also a number of well-reasoned decisions from Third Circuit courts finding error where an ALJ failed to address in the RFC mild limitations caused by non-severe mental impairments.  As Perez-Vega points out, these cases often arise where there is some reason to think that the mild limitations would impact a claimant's ability to perform the exact work to which the ALJ found she could return.

In *Meersand v. Kijakazi*, for example, as in this case, the ALJ found the claimant to have a non-severe mental impairment causing mild limitations, but concluded that she could return to her past relevant work.  Civ. A. No. 20-1084, 2021 WL 5003331 at *2 (E.D. Pa. Oct. 28, 2021). The Honorable David R. Strawbridge found that the ALJ erred in failing to consider the mild mental limitations in her RFC assessment, writing:  "[J]udges in this District have consistently held that even mild limitations in the relevant domains of mental functioning must be included in an RFC assessment and hypothetical question posed to the VE that the ALJ relies upon." *Id*. at *3, citing, *intra alia*, *Hefferan v. Berryhill*, Civ. A. No. 17-2729 (E.D. Pa. Apr. 5, 2018) (ordering remand due to ALJ's failure to take account of mild limitations in understanding, remembering, or applying information at Step Four), *Kennedy v. Berryhill*, Civ. A. No. 1605478 (E.D. Pa. Jan. 23, 2018) (ordering remand due to ALJ's failure to include mild mental limitations when assessing RFC and posting hypothetical questions to VE pertaining to claimant's ability to return to past relevant semi-skilled work); and *Savage v. Berryhill*, Civ. A. No. 17-2548 (E.D. Pa. Jan. 17, 2018) (the same as *Kennedy*).

The *Meersand* plaintiff's past relevant work was as an order clerk, at the semi-skilled level.  *Id*. at *2.  Other decisions have emphasized that consideration of a claimant's mild mental limitations before ruling that she can return to past relevant work is even more important in cases involving skilled work, such as Perez-Vega's.

7

In *Metelli v. Berryhill*, Civ. A. No. 16-6094, 2017 WL 2570913 (E.D. Pa. May 26, 2017), *approved and adopted* 2017 WL 2547288 (E.D. Pa. June. 13, 2017), the Honorable Marilyn Heffley found error where an ALJ "failed to include any indication that Metelli suffered from any mental health impairment in Metelli's RFC," after finding that she suffered from non-severe mental impairments causing mild limitations. *Id*. at *6. She went on to write:

> Moreover, this requirement is especially important in cases involving claimants whose past relevant work was a skilled occupation. "Courts have found that 'even minimal deficits in [intellectual] functioning could impact [a claimant's] ability to successfully perform the [skilled] occupation.'" *Moore* [*v. Colvin*], 2017 U.S. Dist. Lexis 22850 at *31 [(D. Del. Mar 8, 2017)] (quoting *Harmon* [*v. Astrue*] 2012 WL 94617 at *2 [E.D. Pa. Jan. 11, 2012) (remanding due to failure to include mild mental limitations in RFC in finding claimant could perform her past relevant skilled work as a secretary); *Layfield v. Colvin* No. 15-358-SLF-SRF, 2016 WL 4578327 at *14 (D. Del. Sep. 1, 2016) (remanding due to failure to include mild mental limitations in RFC in finding claimant could perform her past skilled work as a self-employed consultant and office manager), report and recommendation adopted, No. 15-358-SLR-SRF*,* 2016 WL 5213902 (D. Del. Sep. 20, 2016); *Harmon*, 2012 WL 94617 at *2 (remanding in light of failure to include mild mental limitations in RFC in finding claimant could perform her past work as a lawyer). Thus the ALJ's failure to include any mental limitations in Metelli's RFC and in her hypothetical to the VE was erroneous and requires remand.

*Id*.

More recently, in *Rosario v. Kijakazi*, Civ. A. No. 21-15609, 2022 WL 2714010 (D.N.J. July 13, 2022), as here, the ALJ found that a claimant was not disabled because she could return to her past relevant work. The judge found that, in those circumstances, it was error for the ALJ to omit consideration of the claimant's mild mental impairments, even though her psychological conditions were found to be non-severe:

> Here, the ALJ never addressed the impact of Plaintiff's mild mental limitations on her RFC or her past work as an administrative assistant or secretary. … Rather, the ALJ merely statues within her RFC analysis that she "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." Such a conclusory statement does not convince the Court that the ALJ fully considered and appreciated Plaintiff's mental impairments in her analysis. … Indeed, simply because Plaintiff's mental restrictions might be classified as "non-severe" or "mild," does not necessarily indicate that Plaintiff

8

> could perform her past work at the calculated RFC, especially where Plaintiff's past work requires at least some degree of social interaction and mental acuity.

*Id*. at *11.

Similarly, in *Leichter v. Kijakazi*, Civ. A. No. 20-6147, 2021 WL 5904619 (E.D. Pa. Dec. 13, 2021), the Honorable Elizabeth T. Hey remanded a case for consideration of mild and moderate limitations from which the ALJ found the claimant to suffer, although finding her mental impairments non-severe. Citing *Metelli* and other relevant law, Judge Hey wrote:

> Thus, whereas non-severe mental impairments do not significantly limit a claimant's ability to do basic work activities … the ability to perform skilled work could be affected by even non-severe mental impairments. … In any event, the ALJ did not make an explicit finding that Plaintiff's limitations were so minimal that they would not limit Plaintiff's ability to perform skilled work, nor is it clear that there is other work Plaintiff could perform given her limitations, age, education, and work history.

*Id.* at *9.

This passage could apply here, *verbatim*. The *Leichter* plaintiff had a more substantial mental health history than did Perez-Vega. *Id*. at *9. Nevertheless, as the *Leichter* judge noted with approval, "as our sister court declared, 'mild and moderate mental impairments, as opposed to no mental impairments, presumably have an impact on Plaintiff's overall RFC." *Id*. at *8, citing Curry v. Commissioner of Soc. Sec.*, Civ. A. No. 1507515, 2017 WL 825196 at *5 (D.N.J. Mar. 20, 2017). In another case citing *Curry*, involving the remand of an ALJ's determination that the claimant could perform her past work as an administrative assistant where she had only mild mental limitations, the judge remarked: "As Judge Hillman explained [in *Curry*], the impact of those limitations on Plaintiff's ability to work 'may be de minimis, or only require minor modifications of Plaintiff's RFC,' but this Court declines to independently make that finding here." *Balla v. Commissioner of Soc. Sec.*, Civ. A. No. 18-386, 2019 WL 2482661 at *3 (D.N.J. June 14, 2019).

9

Thus, there is considerable legal authority supporting Perez-Vega's argument that the ALJ erred in failing to consider whether her mild mental impairments would affect her ability to work as a caseworker or substance-abuse counselor, and – if so – how. Given the variety of decisions on this subject, and the lack of Third Circuit guidance, it is not clear whether this error can be described as a failure to follow an established rule. However, in order to decide whether to grant relief in this case, it is not crucial to decide this. If the ALJ erred in failing to follow a rule, it must still be determined whether or not the error warrants remand. Remand is not necessary where it would not affect the outcome of a case. *Rutherford v. Barnhart*, 399 F.3d 546, (3d Cir. 2005).

If, on the other hand, there is no established rule in this regard, there is still a question as to whether, on the particular facts of this case, the ALJ's failure to consider the effect of Perez-Vega's mild mental limitations at the RFC stage left her without substantial evidence in support of her conclusion that Perez-Vega could return to her past relevant work. Rule or no rule, therefore, the forthcoming analysis is the same.

2. *Remand is Warranted*

As Perez-Vega points out, the Dictionary of Occupational Titles ("DOT") specifies that her past relevant jobs require specific vocational preparation high enough to warrant categorization as "skilled" work. SSR 00-4p, 2000 WL 1898704; DOT (4th ed. 199) at § 045.107-010, 1991 WL 646633 ("Substance Abuse Counselor"); 195.107-010, 1991 WL 671569 ("Caseworker"). Both jobs require a high reasoning ability, at a level of 5 out of 6 levels. *Id*. Further, since both jobs involve counseling and interviewing clients, Perez-Vega is clearly correct in arguing that they require a great deal of social interaction.

10

This being the case, it is clear here, as in *Metelli*, that "even minimal deficits" in mental function could impact Perez-Vega's ability to successfully perform her past, skilled, work. 2017 WL 2547288 at *6; and see *Leichter*, *supra*, at *9: "[T]he ability to perform skilled work could be affected by even non-severe mental impairments." As in *Rosario*, Perez-Vega's past work "requires at least some degree of social interaction and mental acuity" so that "simply because [her] mental restrictions might be classified as 'non-severe' or 'mild,' does not necessarily indicate the [she] could perform her past work at the calculated RFC." 2022 WL 2714010 at *11.

Thus, remand is warranted unless it is clear that the ALJ would inevitably decide upon remand that Perez-Vega's mild limitations were so minimal, or *de minimis*, that they could not interfere with the performance of skilled work. This is not clear. As Perez-Vega points out, Pedro Gonzalez Vega, Ph.D., the independent consulting medical health expert who examined her on May 8, 2018, reported: "She appears able to go through basic daily activities … but with difficulty." Record at 1090. He also wrote: "She needs help from family members in more complex tasks. The patient apparently struggles on tasks that demand moderate to high levels of memory and concentration." *Id*. The ALJ noted this at the second stage of the sequential evaluation. Record at 40. This would seem to preclude the performance of Perez-Vega's past relevant work. However, the ALJ did not discuss Dr. Gonzalez Vega's report in her consideration of Perez-Vega's RFC, so she failed to explain the extent to which she found this evidence persuasive or consistent with the other evidence of record.

The mental health experts the ALJ did cite in her RFC discussion were agency reviewing doctors who did not meet with Perez-Vega. Record at 45. Both Hugo Roman Rivera, Ph.D., at the initial stage, and Richard Small, Ph.D., at the reconsideration stage, agreed that Perez-Vega

11

had mild limitations in the four relevant Paragraph B areas, and that her mental impairments were not severe.  Record at 451-2, 487-8.  Neither expert, however, discussed Dr. Gonzalez Vega's finding that Perez-Vega struggled with complex tasks, and neither commented on whether she could perform her past relevant work, or other skilled work.  As the authority discussed above makes clear, the fact that mental impairments are not severe is not conclusive on the issue of whether they permit a claimant to engage in skilled work.

It is also relevant that, if Perez-Vega were restricted to unskilled work, her advanced age and extremely restricted exertional level would compel a finding that she was disabled.  20 C.F.R. §404, Subpart P, app. 2 §201.00(d).  This being the case, it is particularly important to leave no doubt as to whether she has the mental capacity to engage in her prior, skilled, work.  As in *Hill*, the impact of Perez-Vega's mild limitations may be *de minimis*, or only require minor modifications of her RFC, but this Court declines to independently make that finding here.  *See* 2019 WL 2482661 at *3.  Accordingly, I will remand this matter.

      B.    *Dr. Gonzalez Vega*

Perez-Vega's second claim is that the ALJ erred in failing to consider evidence provided by the independent medical examiner, Dr. Gonzalez Vega.  As discussed above, Dr. Gonzalez Vega's submissions are relevant as to whether Perez-Vega retains the mental capacity to perform her past relevant work, or any other skilled work.  They should therefore be considered upon remand.

V.	*Conclusion*

In accordance with the above discussion, I conclude that the Plaintiff's Request for Review should be GRANTED and this matter remanded to the ALJ for consideration of the effect of Perez-Vega's mild mental limitations on her ability to perform her past relevant work, including discussion of the evidence from independent consulting examiner Dr. Gonzalez Vega.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE